# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50705
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID JESUS SANTOS-MORAL,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1190-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

David Jesus Santos-Moral was sentenced to a 57-month term of imprisonment, following his guilty-plea conviction for being illegally present in the United States following deportation, in violation of 8 U.S.C. § 1326. That sentence is at the bottom of the advisory Sentencing Guidelines' sentencing range. He challenges only the substantive reasonableness of his within-

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Guidelines sentence, asserting it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Of significance for the issue presented, there is a rebuttable presumption of reasonableness to a within-Guidelines sentence. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To preserve the challenge for possible further review, Santos asserts that presumption should not apply because Guideline § 2L1.2 (the illegal-reentry Guideline) lacks an empirical basis. As he concedes, however, his argument is foreclosed because our court has rejected "double-counting" contentions and assertions that the Guideline lacks an empirical basis. *E.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Additionally, our court has rejected the contention that the Guideline overstates the seriousness of illegal reentry because it is claimed to be simply an international-trespass offense. *E.g., United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

At sentencing, Santos discussed his lack of education; the conditions in his home country; and his return to the United States to find employment and provide for his family. The court found Santos' allocution unpersuasive. His motives for reentry are not sufficient to rebut the above-described presumption

of reasonableness afforded his within-Guidelines sentence. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Likewise, defendant's mere disagreement with the propriety of a sentence, or with the weight given to the § 3553(a) factors, does not suffice to rebut that presumption. *E.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citation omitted).

AFFIRMED.